UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK FARR and HEATHER FARR

        Plaintiffs/Counter-Defendants,

v.

DIVIDEND SOLAR FINANCE, LLC.,

        Defendant/Counter-Plaintiff.
_____/

Case No. 1:23-cv-11729

Honorable Thomas L. Ludington
United States District Judge

# OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs Patrick and Heather Farr sued Defendant Dividend Solar Finance, LLC, in state court, alleging that Defendant improperly recorded a "fixture filing lien" against their property in February 2023 relating to solar panels that Plaintiffs had removed two months earlier. Plaintiffs sought to quiet title and to recover damages for slander of title. But Defendant removed the case to federal court, and Plaintiffs now seek leave to amend their complaint to add two claims against Dividend Solar Finance *and* Power Home Solar—the company that installed the solar panels. But, as explained below, Plaintiff's Motion for Leave to Amend Complaint will be denied because, as pleaded in their proposed amended complaint, the new claims are a futile effort.

## I.

In July 2021, Plaintiffs Patrick and Heather Farr hired Power Home Solar to install solar panels on the roof of their house in Saginaw, Michigan. ECF No. 1-1 at PageID.12. The purchase and installation of the solar panels was financed by Defendant Dividend Solar Finance, LLC ("DSF"). *Id.* Power Home Solar installed the panels on August 25, 2021, but did not complete a final inspection, as required under Michigan law and Saginaw County building regulations. *Id.*

Within six months of the installation, Plaintiffs noticed the installation damaged their roof and leaked, causing water to "pour" into their house. *Id.* Accordingly, Plaintiffs attempted to return the solar panels and "repeatedly and consistently" tried to contact DSF "to rectify the situation." *Id.* Power Home Solar, according to Plaintiffs, sought Chapter 7 Bankruptcy protection in October 2022[1] after it was involved in a "nationwide scandal" relating to the installation of "faulty and ineffective solar panels sold to homeowners under false pretenses and promises of rebates that would never come." *Id.* at PageID.12–13.

By December 2022, Plaintiffs "realiz[ed] that Power Home Solar would be unable and unwilling to remove the solar panels from their roof," so they hired an independent contractor to remove the panels and to repair roof damage caused by the faulty solar-panel installation. *Id.* at PageID.13. Two months later, DSF recorded a "Fixture Filing lien" against Plaintiffs' property, "despite no fixtures being affixed nor any plans to affix any fixtures to the property." *Id.* Accordingly, Plaintiffs sued DSF in Saginaw County Circuit Court seeking to quiet title (Count I) and to recover damages from DSF for slander of title (Count II). *Id.* at PageID.13–15.

In July 2023, DSF removed the case to this Court, ECF No. 1, and filed a countercomplaint alleging Plaintiffs breached the loan agreement by (1) removing the solar panels without DSF's written permission; (2) "failing to maintain" the solar panels and "not allowing" them to be serviced; and (3) selling the solar panels. ECF No. 3 at PageID.53.

Plaintiffs now seek leave to amend their Complaint by adding two state-law claims against DSF and Power Homa Solar, which would be a new party to this case. ECF No. 9 at PageID.84–

---

[1] *See generally* Pet., *In re Power Home Solar, LLC d/b/a Pink Energy*, No. 3:22-BK-50228 (Bankr. W.D.N.C. Oct. 7, 2022), ECF No. 1.

91. DSF opposes the amendment, arguing both proposed claims are futile because they would not survive a motion to dismiss. ECF No. 11 at PageID.113.

## II.

A court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2)[2]. Justice does not require leave to amend in the presence of "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment." *Klein ex rel. Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (quoting *Glob. Lift Corp. v. Hiwin Corp.*, No. 14-CV-12200, 2016 WL 5476238, at *3 (E.D. Mich. Sept. 29, 2016)). To that end, the decision to grant or to deny leave to amend is "left to the sound discretion of the trial judge." *Id.* (same); *see also Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) ("[T]he case law in this Circuit manifests liberality in allowing amendments to a complaint." (citation and internal quotation marks omitted)).

A proposed amendment is futile "if the [claim, even with the] amendment[,] could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Foman*, 371 U.S. at 182); *see also Parchman*, 896 F.3d at 737–38 (same); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (denying leave to amend when the proposed amended pleading consisted of conclusory allegations without factual support).

---

[2] Similarly, Civil Rule 21 authorizes courts to "at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. "Regardless of whether a motion is construed to amend a complaint under Rule 15 or to add a party under Rule 21, the same standard applies." *Shupe v. Rocket Companies, Inc.*, No. 1:21-CV-11528, 2024 WL 416377 (E.D. Mich. Feb. 5, 2024) (citing *Thorn v. Bob Evans Farms, LLC*, No. 2:12-CV-768, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013); *Abington Emerson Cap., LLC v. Adkins*, No. 2:17-CV-143, 2019 WL 13161926, at *1 (S.D. Ohio May 3, 2019)).

### III.

Plaintiffs specifically seek to add two state-law claims for breach of contract and violation of Michigan's Consumer Protection laws against DSF and against Power Home Solar. ECF No. 9 at PageID.84–91. DSF opposes Plaintiffs' Motion, arguing the proposed claims are futile because Plaintiff's proposed claims, as pleaded in the proposed amended complaint, do not satisfy Civil Rule 9(b)'s heightened pleading standard and thus would not survive a motion to dismiss. ECF No. 11 at PageID.113; *see also* ECF No. 9 at PageID.84–91.

### A.

Under Rule 12(b)(6), a pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court construes the pleading in the nonmovant's favor and accepts the complaint's factual allegations as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," but the court need not accept as true the complaint's legal conclusions. *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

Civil Rule 9(b) requires a party pleading fraud to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see also Atlas Techs., LLC v. Levine*, 268 F. Supp. 3d 950, 962 (E.D. Mich. 2017) (dismissing fraud in the inducement claim for failure to plead with particularity under Rule 9(b)). To satisfy this requirement, the complaint must (1) specify the

- 4 -

statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, (4) explain why the statements were fraudulent, (5) describe the fraudulent scheme, and (6) describe the resulting injury. *Id.* (citing *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) and *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466–67 (6th Cir. 2011)).

**B.**

Plaintiffs seeks to add two new claims: A fraud-in-the-inducement claim against DSF and Power Home Solar and a Michigan Consumer Protection Act (MCPA) claim against DSF and Power Home Solar. *See* ECF No. 9 at PageID.89–91. Each claim will be discussed below.

**1.**

Plaintiffs first attempt to add a fraud-in-the-inducement claim against DSF and Power Home Solar. ECF No. 9 at PageID.89–90. Although Plaintiffs' proposed claim adequately recites the elements of such a claim, it falls short of Civil Rule 9(b)'s heightened pleading standard and, thus, is futile.

Plaintiffs' proposed amended complaint merely alleges that "Power Home Solar knew or recklessly disregarded the truth that the panels were defective" and that DSF "recklessly induced Plaintiffs into the loan agreement without heed to whether the solar panels financed actually worked." ECF No. 9 at PageID.89–90. It does not allege *who* made the statement, *where* the statements were made, nor *when* the statements were made. Accordingly, this claim would not survive a motion to dismiss because it falls short of the heightened pleading standard for fraud. Thus, Plaintiff's proposed claim for fraud in the inducement is futile. *See Bennett v. MIS Corp.*, 607 F.3d 1076, 1100–01 (6th Cir. 2010) (affirming district court's denial of leave to amend where fraudulent misrepresentation claim was not pleaded with sufficient particularity).

**2.**

The second claim Plaintiffs seek to add is a claim that DSF and Solar Home Power violated the MCPA such that they are entitled to declaratory, restitutionary, and injunctive relief. The MCPA prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce," Mich. Comp. Laws § 445.903(1), and allows private parties to sue for violations. *Id.* § 445.911(1)–(2).

Specifically, Plaintiffs allege Power Home Solar "fraudulently misrepresented the functionality of the solar panels" ECF No. 9 at PageID.90, and DSF violated the MCPA "when it informed Plaintiffs that Power Home Solar completed the installation of the panels, when in fact the electrical and building permit had expired and thus the installation was not legally complete." ECF No. 9 at PageID.91. But Plaintiffs do not allege "the time, place, or the person making the misrepresentation" in either of these conclusory allegations. *Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp. 3d 1000, 1008 (E.D. Mich. 2015) (dismissing MCPA claim for not satisfying Civil Rule 9(b)'s heightened pleading standard). Thus, like Plaintiff's first proposed new claim, it would not survive a motion to dismiss, so it is futile.

In sum, because neither of Plaintiffs' proposed new claims would survive a motion to dismiss, they are futile. So, Plaintiffs' Motion for Leave to File Amended Complaint, ECF No. 9, will be denied. *See Doe v. Michigan State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) ("A request [to amend a complaint] may be denied if it would be futile, i.e., if the amended complaint would not withstand a motion to dismiss for failure to state a claim.").

## IV.

Accordingly, it is **ORDERED** that Plaintiffs/Counter-Defendants' Motion for Leave to File Amended Complaint, ECF No. 9, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

Dated: February 26, 2024               s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge